UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MIMI SANCHEZ,

    Plaintiff,

    v.

ABN AMRO MORTGAGE GROUP, INC.,

    Defendant.

Case No. C06-318RSL

ORDER REGARDING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

      This matter comes before the Court on a motion for judgment on the pleadings filed by defendant ABN AMRO Mortgage Group, Inc. ("ABN AMRO"). (Dkt. #11). Plaintiff Mimi Sanchez, who is suing on behalf of herself and all others similarly situated, alleges that ABN AMRO charged her a $30 "Priority Proc [sic] Fee" not authorized by her loan documents when she paid off her loan in 2005. Defendant argues that plaintiff's claims must be dismissed in their entirety because, among other reasons, they are preempted by regulations of the United States Treasury Department, Office of the Comptroller of the Currency ("OCC").

      Defendant's arguments are premised on its assertion that it is an operating subsidiary of LaSalle Bank Midwest National Association, a parent national bank. The pleadings, however,

ORDER REGARDING DEFENDANT'S MOTION
FOR JUDGMENT ON THE PLEADINGS - 1

do not contain those facts.[1]  Defendant submitted a declaration setting forth those facts with its reply in support of its motion for judgment on the pleadings.  The declaration converts the motion into one for summary judgment.  Plaintiff has requested the opportunity to take discovery to respond to the declaration, and the request is well taken.

In light of these developments, the Court held a telephone conference with the parties on October 3, 2006.  Following that telephone conference, the Court ORDERS as follows: (1) plaintiff shall be allowed thirty days to conduct limited discovery regarding whether defendant is an operating subsidiary of a parent national bank; (2) no later than November 3, 2006, defendant shall file a motion for summary judgment based on the preemption issue; defendant shall note the motion for November 20, 2006; (3) plaintiff's response to the motion shall be filed on or before November 20, 2006; (4) the motion and the response memoranda shall be limited to 10 pages; (5) no reply will be accepted; (6) the Court will contact the parties to schedule a joint oral argument on the dispositive motions in this case and <u>Gorman v. National City Home Loan Services, Inc.</u>, C06-618RSL; both motions involve the preemption issue; and (7) the Clerk of the Court is directed to remove from the motions calendar defendant's motion for judgment on the pleadings (Dkt. #11).

DATED this 3rd day of October, 2006.

*MWS Lasnik*
Robert S. Lasnik
United States District Judge

---

[1] Defendant requested that the Court take judicial notice of the fact that it is an operating subsidiary of a national bank.  Defendant argued that the Court could confirm the relevant facts because, it claims, the OCC's website lists defendant as an "Operating Subsidiary" of LaSalle, a "Parent National Bank."  Reply at p. 2 (citing www.occ.treas.gov/customer).  The OCC's website lists several operating subsidiaries of LaSalle whose names begin with "ABN AMRO," but none of them is ABN AMRO Mortgage Group, Inc.  Defendant has not explained that discrepancy, and the Court will not assume that it is one of the listed entities.

ORDER REGARDING DEFENDANT'S MOTION
FOR JUDGMENT ON THE PLEADINGS - 2