UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MIMI SANCHEZ,

    Plaintiff,

    v.

ABN AMRO MORTGAGE GROUP, INC.,

    Defendant.

Case No. C06-318RSL

ORDER GRANTING MOTION
TO STAY AND REMOVING
CASE FROM ACTIVE CASELOAD

    This matter comes before the Court on plaintiff's motion to stay this case (Dkt. #33) until after the Supreme Court rules in <u>Wachovia Bank, N.A. v. Watters</u>, 431 F.3d 556 (6th Cir. 2005), *cert. granted*, (June 20, 2006). Oral argument was scheduled on that case on November 29, 2006.

    Defendant ABN AMRO Mortgage Group, Inc. ("ABN AMRO") currently has pending a motion for judgment on the pleadings and a motion for summary judgment. Oral argument is scheduled on those motions for December 5, 2006. This Court has taken the unusual step of ruling on the motion to stay in advance of receiving plaintiff's reply memorandum, due on December 1, 2006, in order to issue a ruling sufficiently in advance of the scheduled December 5, 2006 hearing.

    Both of defendants' pending motions are based primarily on its contention that plaintiff's

ORDER GRANTING MOTION TO STAY AND
REMOVING CASE FROM ACTIVE CASELOAD - 1

claims must be dismissed in their entirety because they are preempted by regulations of the United States Treasury Department, Office of the Comptroller of the Currency ("OCC"). Plaintiff counters that the federal laws do not apply to operating subsidiaries of national banks like ABN AMRO.  As in this case, one of the parties in <u>Wachovia Bank, N.A.</u> argued that wholly owned subsidiaries of national banks are subject to state regulation, and the relevant state laws and regulations are not preempted.  Specifically, the case presents the issue of whether the OCC exceeded its congressionally delegated authority by promulgating 12 C.F.R. § 7.4006, which expands the definition of "national bank" to include operating subsidiaries.  <u>Wachovia Bank, N.A.</u>, 431 F.3d at 559-560.  Other courts, including the Ninth Circuit, have held that preemption applies to claims against operating subsidiaries to the same extent as their parent national banks.

      ABN AMRO opposes the motion, arguing that it is entitled to its day in court.  It argues that the court system would be "paralyzed" if every case were stayed pending resolution of an issue from a higher court.  Defendant's argument that it is entitled to expeditious resolution is well taken, particularly because it has dispositive motions pending.  However, the Court is persuaded by the fact that <u>Wachovia Bank, N.A.</u> includes review by the Supreme Court of a key issue in this case.  Furthermore, although ABN AMRO notes that it has already incurred delays in this case, including having its dispositive motion renoted from October 4, 2006 to December 5, 2006, that delay was caused by its decision to file a motion for judgment on the pleadings based on a fact not contained therein.  The Court subsequently ordered ABN AMRO to file a supplemental memorandum supporting its allegation that it is an operating subsidiary. Moreover, the delay in awaiting the Supreme Court's ruling is not likely to be protracted. Finally, once the case is stayed, ABN AMRO will not incur additional expenses defending the case.  In contrast, if the Court decides the issue now in a manner that conflicts with the Supreme Court's ruling, both parties will be forced to incur additional and needless expenses.

      For all of the foregoing reasons, plaintiff's motion to stay the case (Dkt. #33) is

ORDER GRANTING MOTION TO STAY AND
REMOVING CASE FROM ACTIVE CASELOAD - 2

1  GRANTED. The case shall be stayed until after the Supreme Court rules in the case of
2  <u>Wachovia Bank, N.A. v. Watters</u>, 431 F.3d 556 (6th Cir. 2005), *cert. granted*, (June 20, 2006).
3  The December 5, 2006 hearing date in this case is stricken.
4      It is hereby ORDERED that this action is stayed and shall be removed from the Court's
5  active caseload until further application by the parties or order of this Court. The parties shall,
6  within fifteen days of the Supreme Court's ruling in <u>Wachovia Bank, N.A. v. Watters</u>, submit a
7  joint report in this case notifying the Court of the outcome of that case and requesting that the
8  case be reopened. At that time, defendant may also file a notice re-noting its pending dispositive
9  motions on the Court's motions calendar.

11      DATED this 30th day of November, 2006.

13  *[signature]*
14  Robert S. Lasnik
    United States District Judge

ORDER GRANTING MOTION TO STAY AND
28  REMOVING CASE FROM ACTIVE CASELOAD - 3